Case number 18-1202, Frank Harper v. USA. Argument not to exceed 15 minutes per side. Mr. Clark, you may proceed for the appellant. Your Worship, I should give you my closing argument. Good morning, and may it please the Court. My name is Dennis Clark, and I'm here on behalf of the appellant, Frank Harper, and I would request three minutes of final time. This is a unique case, at least in my experience, and I believe the Court's. Unique facts and circumstances show that Frank Harper was denied the effective assistance of appellate counsel for the failure to raise on appeal a sentencing issue that was a very important sentencing issue in the District Court, and then, further, not to preserve the issue in the Supreme Court of the United States when, in fact, his two co-defendants, who went to trial with him, had the same issue at the sentencing and did, in fact, appeal it to this Court and preserve it in appeal on petition for writ of certiorari to the United States Supreme Court where, ultimately, they obtained relief. Frank Harper did not because his counsel dropped the issue after the District Court proceedings at the sentencing level. At the sentencing level, the District Court was asked by Mr. Harper's counsel to consider the fact that he had been sentenced or was going to be sentenced under the mandatory statutory scheme of 55 years on these 924C convictions, and the Court was asked, Please consider that when you're sentencing him on the prerogative offenses, and the argument went back and forth about that issue, the Court decided that he was compelled to sentence separately, both for the mandatory terms and for the predicate offense terms. And, as a result, Mr. Harper received 55 years on the mandatory sentences, the required sentences, and 97 months on the substantive predicate offenses. And, of course, it was an issue, of course, at the District Court level, but then new appellate counsel took over the case and dropped the issue on appeal, but his co-defendants did not. His co-defendants made the same argument at the sentencing and proceeding level about the same time, and they made the same request that what became the Dean issue would be taken into consideration and that what they were going to be sentenced for under the statutory and mandatory amounts would be considered on the predicate offenses. And then they took the appeal. They lost what went on to the Supreme Court, and eventually Dean v. United States was decided, where the Supreme Court held that the sentencing court can consider the mandatory consecutive nature of a sentence imposed for convictions under 924C in determining the sentence for the underlying predicate crimes. Counsel, how is this case different from Nichols? It's very different, Your Honor, and I will tell you all the reasons why. First of all, there are some major reasons and some minor reasons, but the first major reason is that in Nichols, counsel made no objection at the sentencing phase at the District Court to the relevant issue. In Harper, Harper's counsel made a big deal about that issue. It became the Dean issue at sentencing. So we have that. But that's a difference in how ineffective he was rather than a difference in whether he can even apply ineffectiveness at that stage. At that stage, Your Honor, he raised the issue. And in Harper, he raised the issue. I'm talking about distinguishing Nichols. If in Nichols I'm understanding the question, maybe I can phrase my understanding very different from Judge White. But the question has to do with whether you can argue ineffective assistance of counsel with respect to going to the Supreme Court. Yes, I'm saying first of all. So if the rule is that you can't, then saying this was egregious ineffectiveness rather than not so egregious ineffectiveness, that's not distinguishing it. That's just saying we have a more poignant case. Or am I missing something? Well, Your Honor, I'm working my way up. Through his work, through the things that he did, that's what the case is cited for. Well, Nichols, I'm saying that the issue was never raised in Nichols at the District Court. It was raised in the District Court in Harper. So then, Harper appeals, Nichols appeals. Nichols doesn't have the issue at all. Harper drops the issue. Nichols goes to the Supreme Court not having the issue. Harper goes to the Supreme Court. Now, that's a big difference too. Harper files a petition for writ of certiorari but does not include what becomes the Dean issue. So here's what happens. He files that. His co-defendants file a petition in the Supreme Court and include what becomes the Dean issue. While all these petitions are pending, again, Nichols doesn't ever have it, while these petitions are pending, the Supreme Court comes out with the Dean certiorari grant. And there's a two-and-a-half-month period after that through which Harper's counsel does file something, but he doesn't amend his petition. He files a response or reply to his initial petition. Now, what do you do about Nichols saying that there cannot be ineffective assistance of counsel before the Supreme Court? Well, Your Honor, on that point, I think the issue is that one is not entitled to counsel to file a petition in the Supreme Court. However, in this case, this person represented and filed a petition for writ of certiorari. Nichols didn't do it. But in this case, Harper's counsel did file, and I believe he is responsible to provide effective assistance when he is in the court. Do you have any case that says that, that if you do have counsel, that you can have an ineffective assistance claim? I don't have a case specifically on that, Your Honor, but it's just there's so many cases that talk about when you are involved in a case and you file, you're involved in litigation at any stage, you have an obligation as the attorney to be effective. Well, I thought the law was, and you can explain to me that I'm wrong. I'm very sympathetic to your case. You have about as sympathetic a case as you can imagine. So if we can figure out a way to do it, maybe we'll do it. It looks hard. Well, it looks hard because the doctrine is pretty clearly that the right to effective assistance of counsel derives from the right to counsel. So if you don't have the right to counsel, it's kind of hard to say that you have a right to effective assistance of counsel when the court has repeatedly said one is dependent on the other. So you've got to get over that. And it doesn't get over that to say, well, this was particularly bad or you did have counsel, the counsel just wasn't effective. The whole point of the doctrine, as I understand the doctrine, you can cite me a case that conflicts with the doctrine. As I understand the doctrine is you can't complain about the effectiveness of counsel when you don't have a right to counsel under the Constitution in the first place. How do you get it? Do you say Nichols doesn't reflect that or that isn't the law or something else? I don't understand. That's my hurdle. You need to get me over it or it's hard to look for it. Here's my understanding. That Nichols didn't have the right to counsel to proceed to the United States Supreme Court. I think that's clear. But when counsel and an effectiveness claim depend on having that right, but the fact is the right was exercised. Mr. Hart... Sort of like an assumption of duty argument that there was no duty, but once he assumed the duty, then he had to... I can put it that way. I can put it that way, Your Honor. Well, the fact is Nichols didn't have counsel, counsel didn't file, and he did have a claim. My client had counsel, counsel proceeded to file a petition for reassertion, or actually filed a second document of reply to the government's response, and was fully engaged in the process. And I'm saying that when one is in that process, they have a duty, they have an obligation, they are required to render effective assistance. And I don't think, if you look at the reverse, if you look at it and say, oh, well, once a lawyer's involved, even though perhaps he wouldn't have a right if he didn't have counsel, he didn't have to perform effectively, that doesn't make sense. It's also because you made a malpractice claim. Your lawyer didn't make an argument. That's malpractice. But now we're at a constitutional strickland. Right to counsel is a totally different area of law. Well, I understand, Your Honor, but another part of the strickland test, of course, is to show prejudice in addition to efficient performance. And you asked me about distinctions between Nichols and this case. Clearly, another major difference is, the court said in Nichols, even if we were to find efficient performance, we don't find prejudice. The prejudice is so obvious in this case, it's just so dramatic, I've never seen a more prejudicial case. You know, most times when we argue prejudice, it's very difficult and speculative. You say, well, if the expert would have testified, maybe the result would be different. Or if this witness had testified, maybe the result would be different. Or if this document had been presented or not presented, it would be different. But here, we have, there's no speculation. Absolutely. I think Judge Rogers almost conceded the prejudice point. He put words in his mouth, but he said it was a very sympathetic case, I think, for that reason. I think we're just really stuck on the first problem. Well, getting back to the first problem then, Your Honor, again, the uniqueness of this case, the difference in this case, I wouldn't have to worry about precedential value because it's so unique and so different, the circumstances will probably never arise again. But what happened here is once he's involved and Dean comes down, and in light of the atmosphere in the country concerning this heavy sentencing and the need for change and witness the fact that the bipartisan legislation was passed in December, the first step back, all of this, and then Dean comes down, and he's arguing this, they had argued this and made a big deal out of it at the district level, and Dean comes down, and Dean clearly foreshadows the change that was about to occur. Clearly foreshadows the change. And the other counsel, we can just assume for argument's sake that it was ineffective. I'm not sure that I would say that, but let's just assume that this was just egregious failure. If the rule is that there's no right to effectiveness of counsel when there's no right to counsel in the first place, in step one, and there's no right to counsel in the second place, then QED, there's no right to effectiveness of counsel no matter how bad it is. And you seem to be saying, well, if it's really bad, those rules don't apply. I'm looking for some holding that one of those rules doesn't apply, and I'm not hearing it. All I'm hearing is that it's really ineffective, extremely ineffective, and there's lots of prejudice, all of which, it appears to me, we can at least assume. Are you claiming just the following? Are you claiming that there's ineffective assistance of appellate counsel at the first appeal? Oh, yes, Your Honor. That's a different issue from the one that we're addressing. We can address that, and that would help you, but on the other issue, I'm just having trouble getting a vote. Clearly, there's ineffectiveness at the first level and at both levels because of the fact that this issue is so important and it was simply dropped for no reason. There's no strategic reason. If you get to the first issue, which is another way you could get to relief in this case, I understand that, is to say, you did have a right to appellate counsel. We agree with that, so you're way over that hurdle that troubles us with respect to cert. Do you have an answer to Judge Rogers' question? Only what I said earlier, Your Honor. I just feel that once... Once you've had counsel, counsel ought to be effective. Yes, Your Honor. Absolutely. I mean, think about it if you said otherwise. I mean, I can't imagine standing up and just going against the doctrine. It makes sense, I guess. You could say ineffectiveness at any level, but I thought the very basis for being able to argue ineffectiveness of counsel is based on the fact that you have a right to counsel. Otherwise, you would have some different unfairnesses. You would have people who could have terrible counsel get a whole different contraries of protection than somebody who just doesn't get counsel at all. But let's move to the first issue that's raised now. The first issue is that I understand... Yeah, we know. Okay. Go ahead. Well, I don't mean the first issue about whether it's going to intervene. I'm talking about the first ineffectiveness of counsel that deals with second tier as opposed to third tier review. Well, the argument there is and then now you have another hurdle which is an analytically distinct hurdle, which is there was insufficient... The law was clearly to the contrary in this circuit at that time. It was just flatly clearly to the contrary, and there was no cert grant. So it's kind of hard to say that counsel was ineffective when they didn't raise an issue that's a sure loser in our court and nothing on the horizon that particularly shows that that's going to change. If you say that's ineffective assistance of counsel, the problem is it's going to expand the scope of what lawyers have to predict and they're going to be filing kitchen sink briefs from now on with every conceivable thing where cert might be granted someday. In order to meet their ethical obligations, it's hard for us to hold that. Are you with me? Do you see what I've said? No, I understand your argument. First of all, it was raised at the lower court because the counsel felt at the time that it was a viable issue. It ought to be reexamined. And we do this all the time. As we all know, laws change all the time. Legal interpretations change. And as I said, there was a foreshadowing for a number of reasons around the country that this is a right issue that was going to be taken up. So indeed, this was brought up by all the lawyers at the district court level. It was brought up by two out of the three at the appellate court level because for these same reasons. And lo and behold, when there's a petition filed in the Supreme Court, the Supreme Court is quite interested in this issue, grants a dean a certificate, a certiorari, and then issues the dean issue. And it's not so different from so many other issues that where the law has changed and the atmosphere has changed, what's happening in the country is changing, and people, because of cases throughout the nation, this was considered a hot issue. These extraordinarily long sentences out of 924 cases where effective... whether counsel has been deemed ineffective for not raising a claim that is foreclosed by binding circuit court precedent as opposed to an issue that hasn't been ruled on, that looks weak. I can see why you may be able to argue, well, you should have at least argued it, but do you have any precedent which shows that something that is just in conflict with current doctrine was ineffective because it didn't raise that argument? Well, I think this court and other courts, from time to time, will re-examine an issue depending on a variety of factors. And lawyers like myself have to consider... ...required en banc review... That's true. But also then you're considering going down the... I could only move up here. The question became, as was raised by the two out of the three lawyers, we're going to the Supreme Court on this issue. I understand the facts. I understand the sympathetic nature of the facts. Believe me, I do. I'm having trouble getting over this idea that you can't be ineffective if the law is clearly against you by binding precedent in your circuit. There's no en banc petition out there. There's no circuit petition in a related case. There may be stuff in the legal blogs or the legal whatever that people are talking about it. But the lawyer, even though the lawyer may have known that there's a possibility of making the argument, decided to make different arguments because that one was foreclosed by binding precedent that wasn't currently under attack in the courts that this case might get to. Is there any precedent? But for saying that, do you have any precedent or not? I don't, Your Honor. I'm looking at the fact, though, that... I just wondered if you had something to say. Were there any circuits at the time that were holding to the contrary? Were there any cases out there saying that under the guidelines, you can and can't sue them now? That the Dean issue was right? Yes. I believe so, Your Honor. I can't pinpoint one from my memory at the moment. But I believe that there were others. And that's why I'm saying that the issue was circulating... percolating around the country. And the whole idea was, yes, we know what the Sixth Circuit has said and we respect that, but we're going to go on to the Supreme Court. All right. Thank you. Can I ask one last question? Sure. You had one other argument about carjacking, whether that's a crime of violence. And we have a very thoughtful opinion from this court from this year that says that it is. Is there anything to add to that? Your Honor, we recognize the Jackson case and respect that. And we understand the ruling in that case. Thank you. You'll still have your rebuttal. Thank you. Good morning, Your Honors. May it please the Court, Jerome Corrigan from the United States. You're going to have to keep your voice up. Yes, Your Honor. In focusing on the questions that the Court seems most interested in, one fact that should comfort the Court, which makes us even more like Nichols, is that procedurally, the same complaint that counsel's making in this case about failing to move for cert was the same complaint that Nichols' counsel was making because cert had been granted in Booker. So it's factually very similar. There's no material way to distinguish either what was happening with the cert petition there or even the complaint of prejudice that Nichols was making in that case is identical, which is that he did not get the benefit or have the opportunity to have the benefit of resentencing because of a subsequent Supreme Court case. So procedurally, it's identical. Another issue that... Could we rule by analogy to... I think the cases are Martinez and Trevino where the right to counsel was disengaged from whether counsel was effective? In Nichols' en banc? No, I'm talking about these cases that the Supreme Court held that if something wasn't raised by the first-level... This is the first-level habeas, that nonetheless you could still use that as an excuse for a procedural default. I'm talking about Trevino in those cases. No, I don't... That for issues that you can't raise or you're discouraged from raising on a direct appeal, if you have ineffective assistance to counsel your first post-conviction proceeding by not raising it, then it gets the default as an excuse. You're not familiar with those cases? I'm not familiar with those cases. I thought at least the Nichols holding is just based on the simple... I was wondering if we could argue by analogy to those cases, but they haven't argued that, so I'm not saying you should be familiar. We see those cases all the time. Go ahead. So because of that, I think Nichols is an absolute bar. Unless the court were going to create a new right to Sixth Amendment counsel at the third level. I mean... I think we all understand what you're saying. But shouldn't this analysis be case-specific? I mean, it's fine to say, well, the House is not ineffective for failing to anticipate a change in the law. You know, that's a nice general rule. But it becomes very uncomfortable to apply when you have the trial lawyer recognising that this is going to be an issue. All of the co-defendants' lawyers. It's preserved. Why not raise it on appeal? It is the type of issue where you very well might get the change in the law. And, you know, all right, so he's not entitled to a claim for certiorari, but looking at that first level of appeal, can't we say that in that context, yeah, generally you don't have to anticipate the law. But in that context, if you look and you simply ask the question whether counsel was ineffective for not preserving it, that particular counsel in that context was ineffective. I understand the sympathy that the court might have, but I think there are two things. None of the counsel raised Franklin or Franklin-type issue in the district court. The statement, there was never a question in the district court about that. It was just whether the district judge should, in fact, run them concurrently or consecutively. It wasn't whether the district judge had the authority to do that. But even if we conceded that Frank Harper's trial counsel raised that issue at sentencing, because I don't believe it was an issue. Don't even mention the Franklin case. I did all of the sentencings. At the appellate level, Frank's direct appeal raised a number of tough issues. I think there may have been eight or nine of them. And the fact that he didn't proceed with this particular issue was just a judgment call. And this court, in its Edmund opinion, very quickly dismissed the co-defendants' arguments against Franklin. So I don't think that's ineffective. It's just a judgment call. They had media issues that they thought were more successful. But even if they had failed at that stage, at the sentencing and then at the appellate level, Nichols forecloses what happened here because whatever relief that Mr. Harper could have accessed was dependent on cert. And because he doesn't have it right there, he's foreclosed. Thank you, I understand your hurry. Thank you. Thank you. Thank you. There are no further questions on this case. Thank you. Thank you. Your Honors, I mentioned this earlier, and I still firmly believe that once an individual is involved as a lawyer in a case representing a criminal defendant or any defendant, anyone in the matter, they have that constitutional obligation to render effective assistance of counsel. And that clearly, in my view, did not occur here. There was sufficient performance. And as indicated, perhaps there is an acknowledgment of the severe prejudice here that resulted. I mean, all of the 240 months that Mr. Edmonds got was reduced to one day. The 151 months that the other Mr. Harper got was reduced to one day. But my client's sentence remains at 2,910 days, all because his lawyer did not pursue this issue that the other two did. And I just cannot... I just believe that he had an obligation under the effective assistance rules to provide that effective assistance and not perform efficiently. And this is a case specifically, Your Honor. I started off saying this is a unique matter. You're talking about the third stage now, or are you talking about the felon stage? I'm talking about both, Your Honor. He had an obligation to continue on. And legal help is at hand to preserve things. Well, you could argue... You could raise an issue, or you should raise an issue at this level if you were going to intend to preserve it and present it to the Supreme Court. However, you don't have to. Because the court will... And there's lots of case law on this that the Supreme Court will allow your petition to be amended to raise issues that you did not raise alone. So... And if I can add one more point, Your Honor, in regard to an issue that we raised... There was a... There was one other court that... Excuse me. From this particular circuit, in the Sixth Circuit in 1999, there was a case, Lucas v. O'Day, cited in our brief. At 179, Ted III, 412, appears. Page 420. At that point, this court recognized there are instances in which failing to anticipate a change in the law can constitute ineffective assistance of counsel. And, specifically, there was a quote in this court's opinion that said, "'Counsel's failure to raise an issue "'whose resolution is clearly foreshadowed "'by existing decisions "'might constitute ineffective assistance of counsel.'" Where's the foreshadow? This deals with appellate level now rather than Supreme Court level. I think both, Your Honor. I don't see how that relates to cert because it's a different hurdle. You're talking about whether there was ineffectiveness of counsel, not whether you're entitled to effective assistance of counsel. I need to make this argument. No, you're talking about the first appeal. Right. In the first appeal... And in the first... So then my question to this court, where's the foreshadowing here? Well, I'm saying... I was talking to Lucas the other day. I forget the facts of it, but I know that there's language out there about foreshadowing. The problem is, I don't see the foreshadowing on any more than any other assessment of issues you could raise that are sure losers. Are you talking about at this level? Well, that's because you brought it up. Yes. No, I'm saying there was foreshadowing because of what was going on around the country in terms of law review articles, legal decisions, seminars. And finally, in Congress, talking about changing the laws in regard to the sentencing because there's an order of sentences. And indeed, it happened in Congress. And then secondly, the foreshadowing occurred with the... I thought you were talking about foreshadowing the DK. Well, then again, I'm saying that was... That was the recursion to the best argument. That the Dean holding was foreshadowed at the repellent stage. I think it was. And then it wasn't furthered by what happened. I was going to think it was. What's the best argument that it was foreshadowed? Just the law journal article? Just what I was saying about the fact that everywhere in the criminal justice system in the United States, this was a major issue. Okay, counsel, your time is up. Thank you. Thanks. Yes, please. Thank you. Thank you all. Thanks. I'm sorry. I didn't realize that you were CJA. I am. Well, thank you very much. We all appreciate your campaign, this case, and your dedication. You're welcome.